Sidney A. Fine, J.
Section 102 (subd. [1], par. [b]) of the Partnership Law provides that no repayment of a loan by a limited partner may legally be made unless at the time the assets are sufficient to discharge the partnership’s liabilities to persons not claiming as general or limited partners. A triable issue is presented as to whether the partnership assets are presently sufficient to satisfy the claim asserted by plaintiff and the claims of nonpartner creditors. The statement of assets and liabilities submitted on behalf of plaintiff states that it is “ believed to be substantially correct ” but is “ not to be construed as final or absolute.” It also states that it does not include accruals for accounting, legal or other expenses, without specifying what the “ other ” expenses are. The accounts receivable appear to be stated at their face value without any reserve for bad debts or expenses of collection. The values of a gold ring and of furniture and fixtures are claimed to be grossly exaggerated. No item of taxes appears in the statement. In these circumstances, the existence of adequate assets to pay other creditors as well as plaintiff is not sufficiently clear and free from doubt as to warrant granting of plaintiff’s motion for summary judgment.
Defendant’s cross motion for summary judgment must also be denied. There is at least a triable issue as to whether the payment of the $25,000 by plaintiff’s assignor represented a loan to the partnership, payable on demand. The provision of the partnership agreement prohibiting the limited partner from substituting an assignee “ as contributor in her place ” (italics the court’s) does not apply to the assignment of a loan indebtedness, as distinguished from the limited partner’s right to assign her claim for contributions made to the partnership capital (see, also, Partnership Law, § 108).
The motion and cross motion are both denied.